UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

Linda Pollari
130 Avenue V.
Brooklyn, NY 11223

    Plaintiff,

v.

Capital Management Services, LP
726 Exchange Street, Suite 700
Buffalo, NY 14210

    Defendant.

Case No.: 09 CV 987

Judge: WEINSTEIN, J.

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 09 2009 ★
BROOKLYN OFFICE

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 29, 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment.

8. During this communication, Defendant offered to settle the debt with Plaintiff and Plaintiff requested that Defendant fax a proposed settlement agreement to Plaintiff.

9. On or around July 30, 2008, despite having Plaintiff's location information, Defendant telephoned Plaintiff's sister ("Sister").

10. During this communication, Defendant misrepresented that Plaintiff provided Sister's telephone number to Defendant.

11. On or around July 30, 2008, Plaintiff telephoned Defendant.

12. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

13. During this communication, Plaintiff notified Defendant that Plaintiff did not agree to the terms of the settlement agreement that Defendant faxed Plaintiff.

14. During this communication, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not settle the debt.

15. During this communication, Defendant threatened to place a lien on Plaintiff's property if Plaintiff did not settle the debt.

16. At the time of this communication, Defendant had neither the intent nor the ability to garnish Plaintiff's wages.

17. At the time of this communication, Defendant had neither the intent nor the ability to place a lien on Plaintiff's property.

18. Despite having notice, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions throughout August 2008.

19. During several of these communications, Plaintiff again notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

4

b. For such other legal and/or equitable relief as the Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

                                            Macey & Aleman, P.C.

                                            By: *Michelle Labayen* (signature)
                                            Michelle A. Labayen (Bar No. 6868)
                                            420 Lexington Avenue, Suite 2132
                                            New York, NY 10170
                                            Tel: 1.866.339.1156
                                            Fax: 1.312.822.1064
                                            Email: mal@legalhelpers.com
                                            *Attorney for Plaintiff*